**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAVIN MAURICE RHODES, | No. 14-55314 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-02863-JGB-DTB |
| v. | |
| GIGI GORDON, in individual capacity; RALPH J. NOVOTNEY, in individual capacity; SAM OHTA, in official capacity; BRENTFORD FERRIERA, in individual capacity; HARVEY SHERMAN, in individual capacity; CESEY LILIENFELD; MICHAEL P. JUDGE; RALPH RIOS; CRISTINA COLON; DAUPHINE DANE; P. ENG; JESS GONZALES, City Attorney; EPPERSON, Sgt.; HERNANDEZ, Officer; MARIN, Officer; GLORIA BARRERAS, in her individual capacity; GEORGETTE L. RODARTE, in her individual capacity, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

---

      *      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted October 1, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge and HAWKINS and McKEOWN, Circuit Judges.

Kavin Maurice Rhodes ("Rhodes") appeals from the district court's order dismissing his action against seventeen named defendants. The district court, accepting the extensive and careful findings, conclusions, and recommendations of the United States Magistrate Judge, granted the defendants' motions to dismiss and motion to quash. The district court also granted Rhodes leave to file a third amended complaint with regard to a possible claim against prison officials for retaliation, but Rhodes opted not to amend. The district court dismissed the action with prejudice on January 29, 2014. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's dismissal *de novo*, and we affirm.

Rhodes, a California state prisoner, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 and various other constitutional and statutory provisions. He alleged a broad conspiracy among public defenders, prosecutors, state bar officials, prison officials, a state trial judge, and court staff. In essence, his

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

complaint challenged the California state trial court's refusal to grant his post-conviction discovery motion.

We agree with the Magistrate Judge that the *Rooker–Feldman* doctrine bars Rhodes' action. As we have previously held, "The *Rooker–Feldman* doctrine instructs that federal district courts are without jurisdiction to hear direct appeals from the judgments of state courts. . . . The doctrine bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal." *Cooper v. Ramos,* 704 F.3d 772, 777 (9th Cir. 2012) (internal citations omitted).

Although the *Rooker–Feldman* doctrine has a narrow scope, this case falls squarely within its parameters. *Id*. at 778. Rhodes, frustrated by his lack of success in state court, sought review of those proceedings in federal district court. Framing the complaint in terms of "conspiracy" does not alter the fact that Rhodes seeks review of an unfavorable state court ruling. Rhodes' complaint does not constitute a parallel federal suit, but rather an attempt at a de facto appeal. *Id*. at 778. His conspiracy allegations are "inextricably linked" with his state court suit because the relief he seeks is to overturn California's decision in that case. *Id*. The district court properly dismissed the suit for lack of subject matter jurisdiction.

The Magistrate Judge raised the possibility that Rhodes might have a colorable retaliation claim against the prison official defendants, which would fall outside of the *Rooker–Feldman* bar. However, the Magistrate Judge found that the second amended complaint's allegations were "vague and conclusory" and were "insufficient to state a retaliation claim against the named prison official defendants." The district court granted Rhodes the opportunity to amend regarding the retaliation claim, which Rhodes chose not to do. Upon receipt of Rhodes' notice of intent not to amend the second amended complaint, the district court dismissed the full action with prejudice.

To the extent any claims fall outside of the *Rooker–Feldman* bar, we affirm the district court for the reasons stated in the Magistrate Judge's Report and Recommendations.

**AFFIRMED.**